UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-2438 FMO (PVCx) | Date | July 18, 2022 |
|---|---|---|---|
| Title | Gwendolyn Kayfes v. BMW of North America, LLC, et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Gabriela Garcia | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff:  Attorney Present for Defendants:
None Present  None Present

**Proceedings:** (In Chambers) Order Re: Motion to Remand

    On July 13, 2020, Gwendolyn Kayfes ("plaintiff"), filed a complaint ("Complaint") in the Los Angeles County Superior Court ("state court") against BMW of North America, LLC ("BMW") and McKenna Motors Norwalk, Inc. ("McKenna"). (Dkt. 1, Notice of Removal ("NOR") at ¶ 1). BMW and KcKenna were personally served with the summons and complaint on July 17, 2020. (Dkt. 11, Declaration of Michael Vachon ("Vachon Decl.") at ¶ 3).

    On March 8, 2022, plaintiff filed a First Amended Complaint ("FAC") asserting claims pursuant to the California Song-Beverly Consumer Warranty Act, ("Song-Beverly Act"), Cal. Civ. Code §§ 1790, et seq.; and the Magnuson-Moss Warranty Act ("Magnuson-Moss Act"), 15 U.S.C. §§ 2301, et seq., arising from her purchase of a 2018 BMW M Coupe. (See Dkt. 1, NOR at ¶ 2); (Dkt. 1-2, FAC). On the same date, plaintiff electronically served defendants with the FAC. (See Dkt. 1, NOR at ¶ 3); (Dkt. 11, Vachon Decl. at ¶ 7 & Exh. 5 (Receipt of Electronic Service)).

    On April 11, 2022, BMW removed the instant action on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331. (Dkt. 1, NOR at ¶ 5). Plaintiff now seeks remand on the basis that removal was defective. (See Dkt. 11, Motion to Remand ("Motion")). Having reviewed the pleadings and the briefing filed with respect to plaintiff's Motion, the court finds that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78(b); Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

**LEGAL STANDARD**

    "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). "The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 32, 123 S.Ct. 366, 369 (2002) (internal quotation marks omitted). Where Congress has acted to create a right of removal,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-2438 FMO (PVCx) | Date | July 18, 2022 |
|---|---|---|---|
| Title | Gwendolyn Kayfes v. BMW of North America, LLC, et al. | | |

those statutes, unless otherwise stated, are strictly construed against removal jurisdiction.[1]  See id.  Unless otherwise expressly provided by Congress, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]"  28 U.S.C. § 1441(a); see Dennis v. Hart, 724 F.3d 1249, 1252 (9th Cir. 2013) (same).  A removing defendant bears the burden of establishing that removal is proper.  See Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted).

**DISCUSSION**

I.  MERITS OF REMOVAL.

Section 1446(b)(1) of Title 28 of the United States Code requires a defendant to remove a case "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]"  However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).  While the 30-day time limit is procedural rather than jurisdictional, "the time limit is mandatory and a timely objection to a late petition will defeat removal[.]"  Smith v. Mylan, Inc., 761 F.3d 1042, 1045 (9th Cir. 2014) (internal quotation marks omitted).

Here, plaintiff contends that removal was untimely because defendants were served with the FAC, which added the Magnuson-Moss Act claims, on March 8, 2022, (Dkt. 11, Vachon Decl. at ¶ 7 & Exh. 5 (Receipt of Electronic Service)); (see also Dkt. 1, NOR at ¶ 3) (acknowledging that BMW was served by electronic means on March 8, 2022), but BMW did not remove the action until April 11, 2022 – 34 days later.  (See Dkt. 11, Motion at 3, 8-9).  Despite the fact that plaintiff brought the timeliness issue to BMW's attention prior to filing the instant Motion, (Dkt. 11, Vachon Decl. at ¶ 2), BMW completely ignored plaintiff's contention regarding the untimeliness of its removal.  (See, generally, Dkt. 15, Memorandum of Points and Authorities of Defendant BMW [] in Opposition to Plaintiff's Motion to Remand ("Opp") at 2-6).  Because BMW has effectively conceded that its removal was untimely, see, e.g., Silva v. U.S. Bancorp, 2011 WL 7096576, *3 (C.D. Cal. 2011) (ruling that plaintiff's failure to respond in his opposition brief to defendants' argument amounted to a concession that his claim should be dismissed); Tatum v. Schwartz, 2007 WL 419463, *3 (E.D. Cal. 2007) (explaining that a party "tacitly concede[d] [a] claim by failing to

---

[1] For example, an "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  See Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89, 135 S.Ct. 547, 554 (2014).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-2438 FMO (PVCx) | Date | July 18, 2022 |
|---|---|---|---|
| Title | Gwendolyn Kayfes v. BMW of North America, LLC, et al. | | |

address defendants' argument in her opposition"), and because it is clear that BMW was served with the FAC on March 8, 2022, which made the ground for removal "unequivocally clear and certain[,]" Dietrich v. Boeing Company, 14 F.4th 1089, 1095 (9th Cir. 2021), the court will grant plaintiff's motion.[2]  See 28 U.S.C. § 1446(b)(3).

II.  ATTORNEY FEES.

Under 28 U.S.C. § 1447(c), "an order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  The test for awarding attorney's fees is whether it was objectively reasonable for defendant to remove the case to federal court.  See Martin v. Franklin Capital Corp., 546 U.S. 132, 141, 126 S.Ct. 704, 711 (2005).  "[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal."  Id. at 136, 126 S.Ct. at 708.

Plaintiff seeks an award of $4,375 ($350 in court filing fees and at least $4,025 in attorney's fees).  (See Dkt. 11, Motion at 12); (id., Vachon Decl. at ¶ 9) (setting forth basis for cost and fee request).  The court finds that BMW did not have an objectively reasonable basis for removal, and that an award of fees and costs is warranted.  First, removal was clearly untimely as BMW concedes that it was served with the FAC on March 8, 2022, (Dkt. 1, NOR at ¶ 3), yet it did not remove until April 11, 2022.  See supra at § I.  Moreover, during the Local Rule 7-3 meet and confer, plaintiff raised the untimeliness of removal, (Dkt. 11, Vachon Decl. at ¶ 2), but BMW nonetheless contested remand.  (See Dkt. 15, Opp).  What's more, BMW did not even address the timeliness argument (or the unanimity argument) in its Opposition.  (See, generally, id.).  Finally, BMW did not address plaintiff's request for fees and costs, (see, generally, id.), thereby conceding the reasonableness of plaintiff's attorney's fees request.  See, e.g., Silva, 2011 WL 7096576, at *3; Tatum, 2007 WL 419463, at *3; see also See Columbia Pictures Television v. Krypton Broad. of Birmingham, Inc., 106 F.3d 284, 296-97 (9th Cir. 1997), rev'd on other grounds, Feltner v. Columbia Pictures Television, Inc., 523 U.S. 340, 118 S.Ct. 1279 (1998) (rejecting argument that certain hours should have been excluded, because no specific objection was raised in district court); Smith v. Rogers Galvanizing, 148 F.3d 1196, 1199 (10th Cir. 1998) (district court did not abuse discretion in refusing to reduce hours as to which fee opponent made no specific objection).  Thus, the court will award plaintiff $350 in costs, and $4,025 in attorney's fees.

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

---

[2] Plaintiff also contends that removal was procedurally flawed because McKenna did not file its own notice of removal or otherwise consent to BMW's removal.  (See Dkt. 11, Motion at 3, 7-8).  Again, BMW ignored this argument.  (See, generally, Dkt. 15, Opp).  Thus, for this additional reason, the court will grant plaintiff's Motion.  See 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 22-2438 FMO (PVCx)** | Date | **July 18, 2022** |
|---|---|---|---|
| Title | **Gwendolyn Kayfes v. BMW of North America, LLC, et al.** | | |

Based on the foregoing, IT IS ORDERED THAT:

1. Plaintiff's Motion for Remand **(Document No. 11)** is **granted**.

2. BMW shall pay plaintiff $4,375, consisting of $350 in costs, and $4,025 in attorney's fees.

3. The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles, 111 North Hill Street, Los Angeles, CA 90012.

4. The Clerk shall send a certified copy of this Order to the state court.

Initials of Preparer     gga